COPY

```
 1  DEBRA W. YANG
    United States Attorney
 2  JOHN S. GORDON
    Assistant United States Attorney
 3  Chief, Criminal Division
    TAMMY C. SPERTUS
 4  Assistant United States Attorney
    Civil Rights Section
 5  California Bar Number 169128
         1300 United States Courthouse
 6       312 North Spring Street
         Los Angeles, CA 90012
 7       Telephone: (213) 894-8911
         Facsimile: (213) 894-2744
 8
    Attorney for Plaintiff
 9  United States of America
```

FILED
CLERK, U.S. DISTRICT COURT
FILED
AUG 23 2002
CENTRAL DISTRICT OF CALIFORNIA
BY                          DEPUTY

Priority ✓
Send ✓
Enter
Closed
JS-5/JS-6
JS-2/JS-3
Scan Only

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

| UNITED STATES OF AMERICA, | ) No. CR 02-667-RSWL |
|---|---|
| Plaintiff, | ) STIPULATION REGARDING |
| | ) CONTINUANCE OF TRIAL DATE AND |
| v. | ) EXCLUDABLE TIME PERIODS UNDER |
| | ) SPEEDY TRIAL ACT; [~~PROPOSED~~] |
| THOMAS A. POWELL, JR., | ) ORDER |
| Defendant. | ) |

Plaintiff United States of America, by and through its counsel of record, the United States Attorney for the Central District of California, and defendant Thomas A. Powell, Jr., by and through his counsel of record, Morton H. Boren, respectively, hereby stipulate as follows:

1. Defendant first appeared before a judicial officer in the court in which this charge is pending on July 15, 2002. The Indictment in this case was filed on June 26, 2002. The Speedy Trial Act of 1974, 18 U.S.C. § 3161 et seq., originally required

cc: PTS



DCM

1 that the trial commence on or before September 23, 2002.

2. On July 15, 2002, defendant was arraigned on the Indictment. At the arraignment, the Court set a trial date before the Honorable Ronald S.W. Lew on September 10, 2002 at 9:00 a.m.

3. By this stipulation, defendant requests and the government agrees to a continuance of the trial date from September 10, 2002 at 9:00 a.m. to December 3, 2002 at 9:00 a.m.

4. The parties agree and stipulate and request that the court find the following:

a. On July 22 and August 1, 2002, counsel for the government provided counsel for defendant with discovery in this case.

b. Counsel for defendant has advised the government that he is still in the process of completing his review of the discovery in this case and he has not yet had adequate opportunity to either meet with his client to review all the discovery and discuss the case or to conduct his own investigation in this matter. Defendant in this case is not in custody.

c. Counsel for defendant Powell is also currently preparing for trial in United States v. Sutton; CR 02-106-FMC, a bank robbery case which is set for trial before the Honorable Judge Cooper on September 10, 2002, the current trial date in the instant case. The defendant in that case is in custody.

d. Moreover, counsel for defendant has a trial set before this court in United States v. Gamez, et. al.; CR 02-110-RSWL on September 17, 2002. In addition, counsel for defendant has

2

numerous cases set for trial during each week in the month of October.

e. In light of the foregoing facts, counsel for defendant Powell has not yet had an adequate opportunity to formulate a complete plan for his own investigation and defense of this case. Counsel for defendant desires additional time to review all the discovery with his client, to conduct his own thorough investigation, and to fully and adequately prepare a defense for this case.

f. Counsel for defendant Powell believes that failure to grant the above-requested continuance would deny him the reasonable time necessary for effective preparation, taking into account the exercise of due diligence.

g. Defendant Powell believes that failure to grant the above-requested continuance would deny him continuity of counsel.

h. Counsel for defendant Powell has discussed this continuance with defendant. Defendant Powell agrees to this continuance.

i. The government does not object to this continuance.

5. Based on the above-stated findings, the ends of justice served by continuing the case as requested outweigh the interest of the public and the defendant in a trial within the original date prescribed by the Speedy Trial Act.

6. For the purpose of computing time under the Speedy Trial Act, 18 U.S.C. § 3161, et seq., within which trial must commence:

a) the time period from September 10, 2002 to December 3, 2002 is deemed excludable pursuant to 18 U.S.C. § 3161(h)(8)(A)

1 because it results from a continuance granted by the judge at the
2 defendant's request without government objection on the basis of
3 the judge's finding that the ends of justice served by taking
4 such action outweigh the best interest of the public and the
5 defendant in a speedy trial.

6     b)   the time period from September 10, 2002 to December 3,
7 2002 is deemed excludable pursuant to 18 U.S.C.
8 § 3161(h)(8)(B)(i) and(iv) because the failure to grant a
9 continuance in the proceeding would result in a miscarriage of
10 justice, would unreasonably deny defendant continuity of counsel,
11 and would deny counsel for defendant the reasonable time
12 necessary for effective preparation for trial, taking into
13 account the exercise of due diligence.

14     7.   The parties agree and stipulate and request that the
15 Court find that nothing in this stipulation and order shall
16 preclude a finding that other provisions of the Speedy
17 //
18 //
19 //
20 //
21 //
22 //
23 //
24 //
25 //
26 //
27 ///
28

1 | Trial Act dictate that additional time periods are excludable
2 | from the period within which trial must commence.
3 |     IT IS SO STIPULATED.

                         DEBRA W. YANG
                         United States Attorney

                         JOHN S. GORDON
                         Assistant United States Attorney
                         Chief, Criminal Division

8/21/02
DATE                     TAMMY C. SPERTUS
                         Assistant United States Attorney

                         Attorneys for Plaintiff
                         United States of America

8/21/02
DATE                     Tammy C. Spertus for
                         MORTON H. BOREN  per telephonic
                         Attorney for Defendant authorization
                         Thomas A. Powell, Jr.
                                          on 8/21/02

                      [PROPOSED] <u>O R D E R</u>

    IT IS SO FOUND AND ORDERED this 23rd day of Aug,
2002. On the basis of the foregoing, the court hereby continues
the trial in the above-titled case from September 10, 2002 at
9:00 a.m. to December 3, 2002 at 9:00 a.m.

                                       RONALD S.W. LEW
                         HONORABLE RONALD S. W. LEW
                         UNITED STATES DISTRICT JUDGE

# CERTIFICATE OF SERVICE

I, **Travonne L. Pedroza**, declare:

That I am a citizen of the United States and resident or employed in Los Angeles County, California; that my business address is the Office of United States Attorney, United States Courthouse, 312 North Spring Street, Los Angeles, California 90012; that I am over the age of eighteen years, and am not a party to the above-entitled action; That I am employed by the United States Attorney for the Central District of California who is a member of the Bar of the United States District Court for the Central District of California, at whose direction I served a copy of:

STIPULATION REGARDING CONTINUANCE OF TRIAL DATE AND EXCLUDABLE TIME PERIODS UNDER SPEEDY TRIAL ACT; [PROPOSED] ORDER

service was:

[ ] Placed in a closed envelope, for collection and interoffice delivery addressed as follows:

[X] Placed in a sealed envelope for collection and mailing via United States Mail, addressed as follows:

MORTON H. BOREN
205 South Broadway
Suite 600
Los Angeles, CA 90012

[ ] By hand delivery addressed as follows:

[ ] By facsimile as follows:

[ ] By messenger as follows:

[ ] By federal express as follows:

This Certificate is executed on **August 22, 2002**, at Los Angeles, California.

I certify under penalty of perjury that the foregoing is true and correct.

Travonne L. Pedroza