FILED
CLERK, U.S. DISTRICT COURT
APR - 1 2004
CENTRAL DISTRICT OF CALIFORNIA
BY                              DEPUTY

1  DEBRA W. YANG
   United States Attorney
2  STEVEN D. CLYMER
   Special Assistant United States Attorney
3  Chief, Criminal Division
   TAMMY C. SPERTUS
4  Assistant United States Attorney
   Civil Rights Section
5  California Bar Number 169128
        1100 United States Courthouse
6       312 North Spring Street
        Los Angeles, CA 90012
7       Telephone: (213) 894-8911
        Facsimile: (213) 894-6269
8
   Attorney for Plaintiff
9  United States of America

Priority ✓
Send
Enter
Closed
JS-5/JS-6
JS-2/JS-3
Scan Only

ENTER ON ICMS
APR - 1 2004

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

UNITED STATES OF AMERICA,     ) No. CR 02-667-RSWL
                              )
         Plaintiff,           ) STIPULATION REGARDING
                              ) CONTINUANCE OF TRIAL DATE AND
         v.                   ) EXCLUDABLE TIME PERIODS UNDER
                              ) SPEEDY TRIAL ACT; [PROPOSED]
THOMAS A. POWELL, JR.,        ) ORDER
                              )
         Defendant.           )
                              )
                              )

   Plaintiff United States of America, by and through its counsel of record, the United States Attorney for the Central District of California, and defendant Thomas A. Powell, Jr., by and through his counsel of record, Paul Potter, respectively, hereby stipulate as follows:

   1.  Defendant first appeared before a judicial officer in the court in which this charge is pending on July 15, 2002. The Indictment in this case was filed on June 26, 2002. The Speedy Trial Act of 1974, 18 U.S.C. § 3161 et seq., originally required

CC: USPO
    PTS

1  that the trial commence on or before September 23, 2002.

2    2.  On July 15, 2002, defendant was arraigned on the Indictment. At the arraignment, the Court set a trial date before the Honorable Ronald S.W. Lew on September 10, 2002 at 9:00 a.m. By stipulation of the parties, on August 23, 2002, the court continued the trial date from September 10, 2002 at 9:00 a.m. to December 3, 2002 at 9:00 a.m. By further stipulation of the parties, on November 12, 2002, the court continued the trial date from December 3, 2002 at 9:00 a.m. to February 11, 2003 at 9:00 a.m. On February 6, 2003, by stipulation of the parties, the court continued the trial from February 11, 2003 at 9:00 a.m. to April 8, 2003 at 9:00 a.m. Again, by stipulation of the parties, on March 28, 2003, the court continued the trial from April 8, 2003 at 9:00 a.m. to June 10, 2003 at 9:00 a.m. Thereafter, due to a substitution of counsel in this case, and pursuant to stipulated requests by the parties, the court granted additional continuances of the trial date to August 5, 2003 at 9:00 a.m. and subsequently to October 28, 2003 at 9:00 a.m.

3.  On October 28, 2003, the parties in this case were before the court for trial. At that time, the government informed the court that it was prepared to proceed to trial. However, defendant informed the court that he was ill and could not proceed to trial on that date. Ultimately, the court vacated the October 28, 2003 trial date and set a status conference in the case on October 30, 2003. At the October 30, 2003 status conference, at defendant's request, the court continued the trial in this case to January 27, 2004 at 9:00 a.m.

4.  On January 20, 2004, the parties in this case were

again before the court at a status conference. At that time, at defendant's request, the court relieved defendant's counsel, Ivan Klein, and appointed new counsel, Paul Potter. Defendant then requested another continuance of the trial date to April 27, 2004 in order to permit his new attorney to familiarize himself with the case as well as to prepare for trial in this matter. In light of the appointment of new counsel a week prior to the January 27, 2004 trial date, the government did not object to this continuance.

   5. In light of the foregoing, by this stipulation, defendant requests and the government agrees to a continuance of the trial date from January 27, 2004 at 9:00 a.m. to April 27, 2004 at 9:00 a.m.

   6. The parties agree and stipulate and request that the court find the following:

   a. At the status conference on January 20, 2004, at defendant's request, the court relieved defendant's counsel, Ivan Klein, and appointed new counsel, Paul Potter, to represent defendant in the above-titled case.

   b. In light of the foregoing facts, counsel for defendant Powell believes he has not yet had an adequate opportunity to formulate a complete plan for his own investigation and defense of this case. Counsel for defendant desires additional time to review all the discovery with his client, to conduct his own thorough investigation, and to fully and adequately prepare a defense for this case.

   c. Counsel for defendant Powell believes that failure to grant the above-requested continuance would deny him the

reasonable time necessary for effective preparation, taking into account the exercise of due diligence.

    d.    Defendant Powell believes that failure to grant the above-requested continuance would deny him continuity of counsel.

    e.    Counsel for defendant Powell has discussed this continuance with defendant. Defendant Powell agrees to this continuance.

    f.    In light of the foregoing facts, the government does not object to a continuance of the trial date and will be prepared for trial on April 27, 2004 at 9:00 a.m., as ordered by the court.

    7.    Based on the above-stated findings, the ends of justice served by continuing the case as requested outweigh the interest of the public and the defendant in a trial within the original date prescribed by the Speedy Trial Act.

    8.    For the purpose of computing time under the Speedy Trial Act, 18 U.S.C. § 3161, *et seq.*, within which trial must commence:

    a)    the time period from January 20, 2004 to April 27, 2004 is deemed excludable pursuant to 18 U.S.C. § 3161(h)(8)(A) because it results from a continuance granted by the judge at the defendant's request without government objection on the basis of the judge's finding that the ends of justice served by taking such action outweigh the best interest of the public and the defendant in a speedy trial.

    b)    the time period from January 20, 2004 to April 27, 2004 is deemed excludable pursuant to 18 U.S.C. § 3161(h)(8)(B)(i) and (iv) because the failure to grant a continuance in the proceeding

4

would result in a miscarriage of justice, would unreasonably deny defendant continuity of counsel, and would deny counsel for defendant the reasonable time necessary for effective preparation for trial, taking into account the exercise of due diligence.

9. The parties agree and stipulate and request that the court find that nothing in this stipulation and order shall preclude a finding that other provisions of the Speedy Trial Act dictate that additional time periods are excludable from the period within which trial must commence.

IT IS SO STIPULATED.

DEBRA W. YANG
United States Attorney

STEVEN D. CLYMER
Special Assistant United States Attorney
Chief, Criminal Division

3/30/04
DATE

TAMMY C. SPERTUS
Assistant United States Attorney

Attorneys for Plaintiff
United States of America

3/30/04
DATE

P. Potter

PAUL POTTER
Attorney for Defendant
Thomas A. Powell, Jr.

[PROPOSED] O R D E R

IT IS SO FOUND AND ORDERED this 31ST day of MARCH, 2004. On the basis of the foregoing, the court hereby continues

//
//

1 the trial in the above-titled case from January 27, 2004 at 9:00
2 a.m. to April 27, 2004 at 9:00 a.m.

**RONALD S.W. LEW**
_____
HONORABLE RONALD S. W. LEW
UNITED STATES DISTRICT JUDGE

<u>CERTIFICATE OF SERVICE</u>

I, **GEORGINA MORENO**, declare:

That I am a citizen of the United States and resident or employed in Los Angeles County, California; that my business address is the Office of United States Attorney, United States Courthouse, 312 North Spring Street, Los Angeles, California 90012; that I am over the age of eighteen years, and am not a party to the above-entitled action;

That I am employed by the United States Attorney for the Central District of California who is a member of the Bar of the United States District Court for the Central District of California, at whose direction I served a copy of:

**STIPULATION REGARDING CONTINUANCE OF TRIAL DATE AND EXCLUDABLE TIME PERIODS UNDER SPEEDY TRIAL ACT; [PROPOSED] ORDER**

**service was:**

[ ] Placed in a closed envelope, for collection and interoffice delivery addressed as follows:

[X] Placed in a sealed envelope for collection and mailing via United States Mail, addressed as follows:

[ ] By hand delivery addressed as follows:

[ ] By facsimile as follows:

[ ] By messenger as follows: [ ] By federal express as follows:

**PAUL E. POTTER, ESQ.**
**3852 E. Colorado Blvd.**
**Pasadena, CA 91107**

This Certificate is executed on **March 30, 2004**, at Los Angeles, California.

I certify under penalty of perjury that the foregoing is true and correct.

GEORGINA MORENO